**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BONNIE J. CASTLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>FEDCHEX RECOVERY, LLC d/b/a FCR COLLECTION SERVICES,<br><br>Defendant. | Case No. 1:19-cv-6441 |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, BONNIE J. CASTLE ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant FEDCHEX RECOVERY, LLC d/b/a FCR COLLECTION SERVICES:

**I. Parties, Jurisdiction and Venue**

1. Plaintiff is a resident of Mt. Prospect, Illinois and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337 by virtue of the FDCPA being a federal law.

3. Defendant FEDCHEX RECOVERY, LLC d/b/a FCR COLLECTION SERVICES ("Defendant") is incorporated in California, with its Headquarters located at 27042 Towne Centre Drive, Suite 150, Foothill Ranch, California 92610.

4. Defendant is a debt collector as defined by Section 1692a(6) of the FDCPA because Defendant's primary business is the collection of delinquent debts.

5. Defendant regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to third parties.

1

6. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7. As detailed below, Defendant sent a letter to Plaintiff's address in Mt. Prospect, Illinois, in an attempt to collect a medical debt (the "Subject Debt") that Plaintiff owed to a third-party.

8. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant mailed the Collection Letter to an address within this District and Defendant routinely collects consumer debts in this District and Defendant sent the Collection Letter to Plaintiff in this District.

9. When Defendant sent the Collection Letter to Plaintiff's address, Defendant had Plaintiff's residential address in its records and accordingly knew that it was sending a collection letter to a physical address located within this District.

10. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant routinely collects consumer debts in this District by sending collection letters to residents of this District.

11. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

12. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt collection activities within this

jurisdiction, by and through the mailing of debt collection letters to residents within this District.

## II. Relevant Portion of the FDCPA

13. Section 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14. As set forth below, Defendant violated Section 1692f(8) of the FDCPA by displaying its DBA name, "FCR Collection Services", on the face of an envelope that was used to transmit a letter to Plaintiff and dozens of other persons in an attempt to collect a debt owed by Plaintiff and dozens of other persons.

## III. Allegations Regarding the Collection Activities at Issue

15. Plaintiff incurred the Subject Debt for personal expenses.

16. The Subject Debt fell into a default status after Plaintiff fell into circumstances that prevented her from paying off the Subject Debt.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Defendant regarded her as a "person obligated or allegedly obligated to pay" a debt owed to another person.

18. Defendant regarded Plaintiff as a "person obligated or allegedly obligated to pay" the Subject Debt by sending Plaintiff a letter dated 09/06/19 where the letter (hereafter the "Collection Letter") was sent in an attempt to collect the Subject Debt.

19. On information and belief, the Collection Letter was Defendant's first substantive written communication to Plaintiff regarding the Subject Debt.

20. The envelope that was used to mail the Collection Letter is depicted below (hereafter the "Envelope"):



21. As depicted by the above image, the Envelope depicted Plaintiff's name and address through a glassine (clear plastic) opening or window.

22. The Envelope identified Plaintiff's name and address through the glassine (clear plastic) window for the *lawful* purpose of causing the Collection Letter to be mailed to Plaintiff.

23. The Envelope also included a glassine (clear plastic) opening that displayed Defendant's P.O. Box address in Irvine, California, for the lawful purpose of displaying Defendant's return mail address.

24. The Envelope's glassine opening that displayed Defendant's P.O. Box address also displayed Defendant's dba name, "FCR Collection Services" and the phrase "powered by Fed*Check*".

25. Defendant could have purchased envelopes to transmit collection letters where the glassine opening was small enough to show only Defendant's P.O. Box address in Irvine, California.

4

26. Defendant could have purchased envelopes to transmit collection letters to allow the envelopes to print just Defendant's P.O. Box address in Irvine, California.

27. There was no reason for Defendant to display its name through the glassine opening.

28. After reading the name "FCR Collection Services" through the Envelope's glassine opening, Plaintiff recognized that Defendant is a debt collector.

29. For the purpose of this civil action, Plaintiff is an unsophisticated consumer.

30. After reading the Envelope, and realizing that Defendant was a debt collector, Plaintiff became nervous and her heartbeat increased.

31. An unsophisticated consumer, reading the name "FCR Collection Services" through the Envelope's glassine opening, would recognize or understand that Defendant is a debt collector.

32. From the perspective of an unsophisticated consumer, Defendant's name indicates that it is a debt collector.

33. An unsophisticated consumer could easily and readily identify Defendant as a debt collector based on its name.

34. By looking at the face of Defendant's envelope, an unsophisticated consumer would understand and recognize that the letter inside the Envelope was a commination from a debt collector.

35. Further, a Google search of "FCR Collection Services" would lead an unsophisticated consumer to Defendant's LinkedIn profile.

36. Defendant's LinkedIn profile ("about page") identifies that Defendant's business involves the "collections industry".

37. Defendant's LinkedIn profile (as screen captured on September 26, 2019), states as follows:



38. The "Overview" section of Defendant's LinkedIn profile in 2019 would identify to an unsophisticated consumer that Defendant as a debt collector based upon the following description:

> FCR Collection Services, founded in 2001 is a closely held private corporation located in Foothill Ranch, California. With a mission to remain a recognized leader in the collections industry, FCR Collection Services maintains its commitment of supporting its client's requirements by delivering cost effective, ethical, reliable and high-quality collection services. FCR Collection Services has established itself as one of the leading contenders in today's collections industry by placing our focus on the needs of our clients and developing the tools and tactics to best assist them with the recovery of outstanding debt. Our customer service

approach has enabled FCR Collection Services to not only boost a recovery rate higher than other national collection agencies but improve overall customer experience when resolving their debt.

See, https://www.linkedin.com/company/fedchex/about/

39. A Google search of "FCR Collection Services" would also lead to a "review" of Defendant, dated April 24, 2019, authored by a Business.com writer at located at following webpage: https://www.business.com/reviews/fedchex-recovery/

40. In total, the Business.com review uses the words "debt", "debtors" and "debtor" on nine occasions and therefore would identify to an unsophisticated consumer that Defendant is a debt collector.

41. A September 26, 2019, screen capture of Defendant's review appearing on business.com is depicted on the following page:



42. Defendant knew that it was a violation of Section 1692f(8) of the FDCPA to place its name on envelopes that transmitted a debt collection letter to Plaintiff and others like her.

43. For example, the review of Defendant on business.com notes that Defendant is sophisticated enough to utilize "litigation alert[s]" to track "consumer accounts that have sued other creditors or collection companies in the past or filed a Consumer Financial Protection Bureau, BBB or state attorney general complaint. It flags these accounts and sends them directly to management to be handled with special attention."

44. Below is a screen capture depicting Business.com's description of Defendant's so-called "litigation alert feature":



45. Defendant violated Section 1692f(8) of the FDCPA by displaying its dba name on the face of the envelope which contained the Collection Letter.

46. Defendant routinely sends such collection letters to consumers where its name is displayed on the outside of the envelope.

47. Defendant's violation of Section 1692f(8) identified that it was a debt collector and this revelation caused Plaintiff mental anguish and anxiety.

48. Defendant's violation of Section 1692f(8) constitutes a material harm because Section 1692f(8) protects a consumer's right to privacy regarding his/her debts.

49. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

50. Plaintiff seeks to represent a class of unsophisticated consumers residing within this Judicial District as well as the judicial districts that comprise the United States District Courts for the Districts of Indiana and Wisconsin.

## IV. Causes of Action

### Count I – Individual Claim for Violating Section 1692f(8) of the FDCPA

51. Plaintiff realleges the above paragraphs as though fully set forth herein.

52. Defendant communicated with Plaintiff by use of mail.

53. Defendant's communication to Plaintiff was an attempt to collect the Subject Debt.

54. As alleged above, Defendant's name was visible on face of the envelope that contained the Collection Letter.

55. As alleged above, Defendant's name indicates that it is a debt collector.

56. Defendant's display of its name, FCR Collection Services, through the Envelope's glassine envelope violated Section 1692f(8) of the FDCPA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant violated Section 1692f(8) of the FDCPA;

b. enjoin Defendant from using its name on the face of its collection envelopes in conjunction with any future collections;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members maximum statutory damages; and

e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claim For Violating Section 1692f(8) of the FDCPA**

57. Plaintiff realleges the above paragraphs as though fully set forth herein.

58. Consistent with the type of Collection Letter received by Plaintiff, Defendant sent at least forty (40) collection letters in the mail to persons with addresses in the States of Illinois, Wisconsin and Indiana where Defendant's name was visible on the face of the envelopes that contained the collection letters.

59. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All residents of the State of Illinois who were sent collection letters from Defendant, where Defendant's name was visible on the face of the envelopes that contained the collection letters within the last year;

> All residents of the State of Indiana who were sent collection letters from Defendant, where Defendant's name was visible on the face of the envelopes that contained the collection letters within the last year;

> All residents of the State of Wisconsin who were sent collection letters from Defendant, where Defendant's name was visible on the face of the envelopes that contained the collection letters within the last year;

60. The proposed class members can be ascertained by Defendant's records.

61. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

62. Defendant's violation of using its business name on the face of its envelopes containing collection letters satisfies the elements of typicality, commonality, predominance and superiority.

63. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant violated Section 1692f(8) the FDCPA;

b. enjoin Defendant from using its name on the face of its collection envelopes in conjunction with any future collections;

c. award class members maximum statutory damages; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.


Dated: September 27, 2019

***Plaintiff demands a jury trial***

Respectfully submitted, on behalf of

Plaintiff JESSICA DEMSKO individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com