IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE J. CASTLE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>v.<br><br>FEDCHEX RECOVERY, LLC d/b/a FCR COLLECTION SERVICES,<br><br>    Defendant. | Case No.: 1: 19-cv-06441<br><br>Hon. Judge Steven C. Seeger |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS AFFIRMATIVE DEFENSE OF
<u>ARTICLE III STANDING</u>**

**I.    INTRODUCTION**

Defendant FedCHEX Recovery, LLC ("Fedchex") provides this brief in response to the Court's request for supplemental information regarding Defendant's position on the issue of Article III standing. Fedchecx is a debt collector under the meaning of the FDCPA that engages in the business of collection of delinquent debts. Plaintiff's complaint suggests that she suffered "mental anguish and anxiety" when she received a collection letter from Fedchex that allegedly included its d/b/a name on the face of the envelope. Article III standing requires that a claimant establish that she has suffered an injury in fact that is fairly traceable to the defendant's conduct and that is likely to be redressed by a favorable judicial decision. Plaintiff cannot show that she has suffered an injury in fact that is the result of Defendant's conduct. As such, Plaintiff's complaint does not meat the minimum standard to maintain a suit in federal court and must fail for want of standing.

## II. PLAINTIFF LACKS ARTICLE III STANDING AS SHE HAS SUFFERED NO INJURY-IN-FACT

### A. Constitutional Requirements

Plaintiff's complaint fails to allege facts sufficient to confer standing in federal court. The Supreme Court has outlined that the "irreducible constitutional minimum" of standing consists of three elements: the Plaintiff must have suffered an injury-in-fact, the injury must be fairly traceable to the challenged conduct of the defendant, and the injury must be likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). To establish an injury-in-fact, the Plaintiff must demonstrate that she suffered an "invasion of a legally protected interest" that is "concrete and particularized" as well as "actual or imminent" and not merely "conjectural or hypothetical." *Lujan*, 504 U.S. at 5660. While "particularization" merely means that the Plaintiff must have been affected in a personal and individual way, this particularized injury must also be "concrete." *Spokeo*, 136 S. Ct. at 1548. A concrete injury must be "*de facto*," meaning it must actually exist. *Id.*; *see* Black's Law Dictionary 479 (9th ed. 2009).

The Supreme Court has interpreted "concrete" to mean "real" and not "abstract." *Spokeo*, 136 S. Ct. at 1548. While an intangible injury may still be considered "concrete" for the purposes of standing, the Plaintiff must still show that she has actually suffered a legally recognizable harm. *See Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (holding that while a violation of the right to free speech is an intangible harm, such harm is nevertheless a "concrete" injury). However, the Court makes clear that even when Congress has codified a legal right in the form of a statute, a Plaintiff does not automatically satisfy the "injury-in-fact" requirement any time she sues to "vindicate that right." *Spokeo*, 136 S. Ct. at 1548. Rather, Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (holding that the Plaintiff could

2

not allege a mere procedural violation "divorced from any concrete harm" and still satisfy the injury in fact requirement); *see Summers v. Earth Island Institute*, 555 U.S. 488 (2009) (holding that "[D]eprivation of a procedural right without some concrete interest that is affected by the depravation…is insufficient to create Article III standing").

### B. The Seventh Circuit's Analysis

The Seventh Circuit has similarly recognized these principals in examining the constitutional requirement of Article III standing in several consumer protection cases. For instance, in *Casillas v. Madison Avenue Associates*, the court determined that Plaintiff's allegation of a bare statutory violation resulting in no articulable harm was insufficient to satisfy the concrete injury requirement for Article III standing. 926 F.3d 329 (7th Cir. 2019). In *Casillas*, the Plaintiff filed suit alleging a debt collection defendant's violation of the Fair Debt Collection Practices Act for failing to include certain necessary information in collection notices. Plaintiff claimed that the defendant's failure to inform consumers that they must respond *in writing* to collection notices in order to trigger certain statutory protections violated the FDCPA. The court held that because the record established that the plaintiff had never considered responding to the notice in any manner, she could not demonstrate an injury-in-fact necessary to confer Article III standing. As the plaintiff's claims did not implicate the protections set-out in Section 1692g(a) of the FDCPA, her allegations failed to adequately show an injury-in-fact.

Similarly, in *Meyers v. Nicolet Restaurant of De Pere*, *LLC*, the Seventh Circuit concluded that the plaintiff's claims alleging a violation of the Fair and Accurate Credit Transactions Act must fail for lack of Article III standing. 843 F.3d 724 (7th Cir. 2016). Here, the court held that while printing the plaintiff's credit card expiration date on a receipt violated the FACTA, there was no concrete injury because plaintiff did not suffer any actual harm or "appreciable risk" of

3

identity theft. *Id*. at 727. The court explained that "Congress was instead quite concerned with the abuse of FACTA lawsuits, finding that 'the continued appealing and filing of these law-suits represents a significant burden on the hundreds of companies that have been sued and could well raise prices to consumers without corresponding consumer protection benefit.' That is why Congress sought to limit FACTA lawsuits to consumers 'suffering from any actual harm.'" *Id*. at 728; Pub. L. 110-241, § 2(a)(6), (7). As the plaintiff in *Meyers* was not such a person who had suffered concrete harm resulting in an injury-in-fact, the court concluded that his claims must fail for lack of Article III standing.

Finally, the Seventh Circuit reached the same conclusions when considering *Crabtree v. Experian Information Solutions, Inc.* in which the plaintiff alleged a violation of the Fair Credit Reporting Act. Nos. 18-3416, 18-3405, 2020 U.S. App. LEXIS 2698 (7th Cir. Jan. 28, 2020). In *Crabtree*, the plaintiff filed suit claiming that the defendant had improperly disseminated his credit information to a lender that was assembling a pre-screened list of creditworthy consumers. The plaintiff alleged that because he had not received a firm offer of credit from the lender who received his credit information, the defendant's release of the credit information constituted an FCRA violation. Though the court recognized that the unauthorized disclosure of plaintiff's credit information can constitute an injury-in-fact, plaintiff had failed to provide any evidence demonstrating the alleged injury giving rise to the FCRA claim. The court concluded "Crabtree had to come forward with something showing that he did not receive a firm offer, that Western Sierra would not have honored a firm offer, that he was affected by the lack of a firm offer, or that he suffered any actual emotional damages. He failed on each possible ground, leaving him without the concrete injury necessary for Article III standing." *Id.* at *15.

It must be noted however that Fedchex does not argue this issue to suggest that *all* procedural violations or seemingly benign statutory violations are categorically insufficient to confer Article III standing. Such a conclusion would be contrary to the purpose of consumer protection laws like the FDCPA and is incompatible with Seventh Circuit precedent. For instance, in *Keele v. Wexler*, the Seventh Circuit found that the plaintiff had standing as the defendant's patently illegal threatening and demeaning collection letters represented blatant misconduct by the debt collectors in violation of a protected interest under the FDCPA. 149 F.3d 589 (7th Cir. 1998). Here, the plaintiff could sufficiently plead concrete harm constituting an injury-in-fact that was a direct result of the defendant's conduct. In *Pierre v. Midland Credit Mgmt., Inc.*, the court determined that the plaintiff had standing as she was injured when the collection agency failed to adequately inform her of her legal rights with regard to her out-of-statute debt. No. 16 C 2895, 2019 U.S. Dist. LEXIS 146272 (N.D. Ill. Aug. 28, 2019). The court found that the collector's conduct caused concrete harm as it had sent a legally misleading dunning letter seeking payment on a time-barred debt without including the required FDCPA disclosures. Plaintiff faced the real and imminent harm of relinquishing her legal rights with respect to the subject debt.

Finally, in *Lavallee v. Med-1 Solutions, LLC*, the court distinguished the instant case from the principles articulated by *Spokeo* in holding that the defendant's FDCPA violation represented concrete harm constituting an injury-in-fact. 932 F.3d 1049 (7th Cir. 2019). In *Lavalle*, the defendant sent the plaintiff a collection letter that failed to include *any* of the necessary disclosures required by the FCPA. Unlike *Casillas*, where the collector merely failed to adequately inform the debtor of the proper procedure for exercising her rights, the defendant in *Lavalle* utterly failed to inform the plaintiff of her rights at all. As such, plaintiff was faced with the imminent potential for concrete harm as a direct result of defendant's FDCPA violation.

### C. The Instant Action

In the case at bar, Plaintiff has failed to plead facts sufficient to establish the concrete harm necessary to demonstrate an injury-in-fact. Like the plaintiff in *Crabtree*, Plaintiff does not claim that Defendant's alleged violation of Section 1692f (8) was the source of any of her supposed injuries. Similarly, like the plaintiff in *Casillas*, Plaintiff does not "allege that [Fedchex's] actions harmed or posed any real risk of harm to [her] interests under the Act." *Casillas*, 926 F.3d at 334. At no point does Plaintiff's complaint suggest that Defendant's actions ever harmed her right to privacy regarding her debts. There are no allegations that anyone besides Plaintiff ever saw the letter in question, or any other allegations proposing even a speculative harm to the Plaintiff's interests under the FDCPA. *Cf. Perea v. Codilis & Associates, P.C.*, 2019 U.S. Dist. LEXIS 169761, 2019 WL 4750283, at *3 (N.D. Ill. 2019) ("[W]hile Perea alleged that an unsophisticated consumer would be mislead [sic] by the letter, he fails to allege . . . that he himself was confused or misled by what the letter said."). Plaintiff's only other allegation with respect to Defendant's conduct is that the revelation that the letter she received was from a debt collector "caused [her] mental anguish and anxiety." Compl. ¶ 47. Such feelings however have no relation to the alleged FDCPA violations, as Plaintiff's "mental anguish and anxiety" amounts to nothing more than the anxiety that one would feel when facing debt collection. *See also Buchholz v. Tanick,* 946 F.3d 855 (6th Cir. 2020).

### III. CONCLUSION

In light of the standing requirements articulated by the Supreme Court and relevant Seventh Circuit precedent, Plaintiff's claims fail to sufficiently allege the concrete harm necessary for a showing of an injury-in-fact. Plaintiff has plead no facts to establish that she was harmed or faced potential harm as a result of Defendant's alleged violations of the FDCPA. Similarly,

Plaintiff's alleged emotional harm stem not from Defendant's conduct, but from the status of Plaintiff's delinquent debt. As Plaintiff's allegations do not and cannot show the necessary element of an injury-in-fact, Plaintiff's complaint must fail for lack of Article III standing.

February 20, 2020                        Respectfully Submitted,

                                            **FedCHEX Recovery, LLC**

                                            */s/ Luke K. Chamberlain*
                                            Luke K. Chamberlain (IL 6332539)
                                            Messer Strickler, Ltd.
                                            225 W. Washington St., Suite 575
                                            Chicago, Illinois 60606
                                            Ph.: (312) 216-1218
                                            Fx.: (312) 334-3473
                                            lchamberlain@messerstrickler.com